UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv61901

CLARISSA NAVARRO, individually and on behalf of all those similarly situated,

    Plaintiff,

v.    **COMPLAINT – CLASS ACTION**

GRAGIL ASSOCIATES, INC,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff CLARISSA NAVARRO ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant GRAGIL ASSOCIATES, INC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

1. **JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

    2.    Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here

2. **PARTIES**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant is a Massachusetts corporation, with its principal place of business located at Pembroke, Massachusetts.

5. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## 3. DEMAND FOR JURY TRIAL

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

## 4. ALLEGATIONS

8. The debt at issue is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, the debt at issue (the "Consumer Debt") arises from medical services provided to Plaintiff by the original creditor.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is a "consumer collection agency" as defined by Fla. Stat. § 559.55(3).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

13. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).

14. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C § 1692a(3).

15. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).

16. On a date better known by Defendant, it began attempting collect the Consumer Debts from Plaintiff.

17. Defendant mailed a collection letter, dated June 03, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

18. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

19. Defendant engaged in activity constituting "any action to collect [a] debt" by mailing the Collection Letter to Plaintiff. *See* Fla. Stat. § 559.715.

20. Defendant identifies itself as a "debt collector" in the Collection Letter.

21. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

22. Defendant has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

23. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

25. Defendant's collection activities against Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

## 5. CLASS ALLEGATIONS

26. This action is brought on behalf of the following two classes: the "FCCPA Class" and the "Money Had and Received Class."

27. The "**FDCPA Class**" consists of: (1) all persons with Florida addresses (2) who were mailed a letter (3) from Defendant (4) in an attempt to collect a debt (5) during the twelve [12] months preceding the filing of this Complaint.

28. The "**FCCPA Class**" consists of: (1) all persons with Florida addresses (2) who received a letter (3) from Defendant (4) in an attempt to collect a debt (5) during the twenty-four [24] months preceding the filing of this Complaint.

29. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of collection letters to addresses in Florida without first registering as a Consumer Collection Agency with the Florida Department of State.

### 5.1 EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT

30. Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

31. The factual issues common to the FDCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, whether Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

is an entity governed by Fla. Stat. 559.553, whether Defendant is registered with the Florida Department of State as a Consumer Collection Agency, and whether Defendant, by and through said letter, violated the FDCPA.

32. The factual issues common to the FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a debt, and whether Defendant, by and through said letter, violated the FCCPA.

33. The factual issues common to the Money Had and Received Class are whether class members, in response to a collection letter or other collection attempts from Defendant, paid Defendant money that Defendant did not any statutory or contractual right and/or authority to collect or otherwise attempt to collect.

34. The principal legal issue for the FDCPA Class is whether Defendant, by failing to register with the Florida Department of State as a Consumer Collection Agency, violated §§ 1692e, e(2)(A), e(5), & § 1692e(10) of the FDCPA.

35. The principal legal issue for the FCCPA Class is whether Defendant, by attempting to collect a debt from Florida consumers without being registered with the Florida Department of State as a Consumer Collection Agency, violated § 559.72(9) of the FCCPA.

36. The principal legal issue for the Money Had and Received Class is whether Defendant unlawfully, wrongfully and/or otherwise unjustly received money from class members that Defendant did not have any statutory or contractual right and/or authority to collect.

37. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5.2   TYPICALITY

38.   Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

39.   Plaintiff is an adequate representative of each of the classes.

40.   Plaintiff will fairly and adequately protect the interests of the classes.

41.   Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4   PREDOMINANCE AND SUPERIORITY

42.   Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)   The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b)   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43.   Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

PAGE | **6** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(5), & § 1692e(10)**

44. On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-43 as though fully set forth herein.

45. Defendant is liable to Plaintiff and the FDCPA Class for attempting to collect consumer debts from Florida consumers without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with Florida law. *See* Fla. Stat. § 559.553.

46. Here, as set forth in more detail above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt; however, at all times relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553, and as a result thereof, each letter Defendant mailed to Florida consumers, of which includes Plaintiff, violates § 1692e, § 1692e(2)(A), § 1692e(5) and § 1692e(10) of the FDCPA.

47. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

48. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

49. Defendant's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

a violation of 15 U.S.C § 1692e(5). Put differently, just as with other members of the FDCPA class, Defendant's attempt to collect the underlying debt from Plaintiff while not licensed as required by Florida law, and otherwise holding itself out to Plaintiff as an entity that it may lawfully collect money from a Florida consumer, is a threat to take action that cannot legally be taken.

50. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

### *COUNT II.* <br> **VIOLATION OF FLA. STAT. § 559.72(9)**

51. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-43 as though fully set forth herein.

52. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

53. Defendant is an entity governed by Fla. Stat. § 559.72(9). It is a violation of the FCCPA for Defendant to engage in the conduct explicitly prohibited by Fla. Stat. § 559.72(9).

54. At all times material, Defendant knew it (Defendant) was not registered with the Florida Department of State as a Consumer Collection Agency, that Fla. Stat. § 559.553 requires entities to first register as a Consumer Collection Agency to lawfully collect consumer debts in Florida, that Defendant did not have *any* statutory or contractual right and/or authority to attempt

PAGE | **8** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to collect consumer debts from Florida consumers without first registering with the Florida Department of State as a Consumer Collection Agency.

55. As set forth in *Count I* of this Complaint, Defendant violated § 1692e, § 1692e(2)(A), § 1692e(5) and § 1692e(10) of the FDCPA by attempting to collect debts from Florida consumers without being registered as a Consumer Collection Agency and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt. As such, Defendant violated Fla. Stat. § 559.72(9) by mailing Plaintiff and members of the FCCPA Class collection letters in an attempt to collect a debt.

56. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: July 28, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
*COUNSEL FOR PLAINTIFF*